**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 14-cv-02231-RM-MEH

JONATHAN SHIELDS, et al.,

   Plaintiffs,

v.

JENNIFER DUNCAN, et al.,

   Defendants.

---

**ORDER ON AMENDED MOTION FOR PRELIMINARY INJUNCTION ECF No. 30**

---

This matter is before the Court on Plaintiffs James Kerns' ("Kerns"), Steven Christiansen's ("Christiansen") and Eric Petersen's ("Petersen") Amended Motion for a Preliminary Injunction (ECF No. 30, the "Preliminary Injunction Motion").  For the reasons stated below, the Court DENIES IN PART Plaintiffs' motion as to Kerns' and Christiansen's request for a preliminary injunction and ORDERS that an evidentiary hearing be held addressing the remainder of the motion as to Petersen's request for a preliminary injunction.

**I. BACKGROUND**

This case involves multiple Plaintiffs who are all designated or convicted sex offenders who are incarcerated, have been paroled or have been discharged from parole (the "Offender Plaintiffs"), and their family members ("Family Member Plaintiffs").  Plaintiffs allege that the Sex Offender Management Board (the "SOMB") has created and enforced an unconstitutional policy that no sex offender in offense specific treatment may have contact with any minor, even their own family members.  This is regardless of the age and gender of the actual victims in the criminal case and whether there is any actual evidence that the offender poses an identifiable risk

of harm to their children or other minor family member. Plaintiffs allege that the Parole Board and individual parole officers have also unfairly enforced this policy. As a result, the Offender Plaintiffs are unable to have contact with any minors as a condition of their punishment, including their own children and other minors in their family. Plaintiffs allege they are being denied their Constitutional right to familial association, which harms both the Offender Plaintiffs and Family Member Plaintiffs. Further, some of the Offender Plaintiffs allege they are forced to live in sub-standard motels after they are released from prison because their parole officers do not permit them to live with their families. Those Offender Plaintiffs have also brought Eighth Amendment claims against their parole officers for forcing them to live in these conditions and state law claims against the motels based on the unfit living conditions they were subject to.

Three of the Offender Plaintiffs have filed the instant Preliminary Injunction Motion. Kerns seeks an order permitting him to live with his mother, his daughter and his infant son. Petersen seeks an order permitting him to have contact with his minor daughter. Christiansen seeks an order prohibiting his parole revocation based on his possession of a picture of his daughter. The current motion was filed on November 27, 2014, and was fully briefed as of February 7, 2015.

## II. FINDINGS

As admitted by Plaintiffs in their reply brief, this motion would now be moot as to Kerns and Christiansen since Kerns was to be released from parole on February 12, 2015 and Christiansen was to be released from parole on March 17, 2015. (ECF No. 56 at 2-3.) Since the dates of their mandatory sentence completions have passed, the relief they request is now mooted and the Preliminary Injunction Motion is therefore denied as to Kerns and Christiansen.

The Preliminary Injunction Motion is not moot as to Petersen, but this Court will require an evidentiary hearing to develop the facts necessary to rule on the merits of this motion as to this Plaintiff. Specifically, Petersen argues that his claims would not be time barred by the two year statute of limitations to Section 1983 claims based on the "continuing violation doctrine." (*See* ECF No. 56 at 6-9.) Petersen further argues that the fact that he has failed several polygraph examinations is not dispositive of whether he has violated the conditions of his parole. (ECF No. 30-3, Petersen Decl. at ¶¶ 3-5, 9-10.) These issues, as well as others that the parties wish to raise with respect to Petersen's request for a preliminary injunction, will need to be resolved through an evidentiary hearing.

### III. CONCLUSION

Based on the foregoing, the Court DENIES IN PART Plaintiffs Kerns', Christiansen's and Petersen's Amended Motion for a Preliminary Injunction (ECF No. 30), to wit:

1. The motion is DENIED as MOOT as to Plaintiffs Kerns' and Christiansen's request for a preliminary injunction; and

2. It is ORDERED that an evidentiary hearing on Plaintiff Petersen's request for a preliminary injunction is set for May 8, 2015, at 9:00 A.M. in Courtroom A601 before Judge Raymond P. Moore on the sixth floor of the Alfred A. Arraj United States Courthouse located at 901 19th Street, Denver, Colorado.

The parties are advised to refer to this Court's Practice Standards regarding the submission of evidence and witness lists in evidentiary hearings.

DATED this 16th day of April, 2015.

                                              BY THE COURT:

                                              _____
                                              RAYMOND P. MOORE
                                              United States District Judge