IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02231-RM-MEH

JONATHAN SHIELDS,
STEVEN CHRISTIANSEN,
JAMES KERNS,
ERIC PETERSEN,
WESLEY SPECHT,
JESSICA SPECHT,
ASHLEY CLARK,
CHRISTOPHER CLARK,
JOSHUA MURO,
SCOTT ARENDS, and
THOMAS SPITZ,

    Plaintiffs,

v.

JENNIFER DUNCAN, in her individual and official capacities,
THERESA DAWES, in her individual and official capacities,
SHEFALI PHILLIPS, in an official capacity as a parole officer,
KYLI SIMMS, in an official capacity as a parole officer,
AMY TATE, in an official capacity as a parole officer,
MATTHEW SULLIVAN, in his individual and official capacities,
MIRANDA KENNET, in her individual and official capacities,
RICK RAEMICSH, in his official capacity as Executive Director of the CDOC,
MARCELO KOPCOW, in an official capacity as SOMB Board Member,
ERIN JEMISON, in an official capacity as SOMB Board Member,
MARY BAYDARIAN, in an official capacity as SOMB Board Member,
CARL BLAKE, in an official capacity as SOMB Board Member,
ALLISON BOYD, in an official capacity as SOMB Board Member,
A. MERVYN DAVIES, in an official capacity as SOMB Board Member,
CHERYL DAVIES, in an official capacity as SOMB Board Member,
JESSICA CURTIS, in an official capacity as SOMB Board Member,
AMY FITCH, in an official capacity as SOMB Board Member,
JEFF GEIST, in an official capacity as SOMB Board Member,
MISSY GURSKY, in an official capacity as SOMB Board Member,
PEGGY HEIL, in an official capacity as SOMB Board Member,
WILLIAM HILDEBRAND, in an official capacity as SOMB Board Member,
NANCY JOHNSON, in an official capacity as SOMB Board Member,
JEFF JENKS, in an official capacity as SOMB Board Member,
DIANNA LWYER-BROOK, in an official capacity as SOMB Board Member,
TOM LEVERSEE, in an official capacity as SOMB Board Member,
RICHARD BEDNARSKI, in an official capacity as SOMB Board Member,
JOHN ODENHEIMER, in an official capacity as SOMB Board Member,

JESSICA MEZA, in an official capacity as SOMB Board Member,
ANGEL WEANT, in an official capacity as SOMB Board Member,
MIMI SCHEUERMANN, in an official capacity as SOMB Board Member,
DOUG STEPHENS, in an official capacity as SOMB Board Member,
BRANDON SHAFFER, in an official capacity as Colorado Parole Board Member,
REBECCA OAKES, in an official capacity as Colorado Parole Board Member,
DENISE BALAZIC, in an official capacity as Colorado Parole Board Member,
JOE MORALES, in an official capacity as Colorado Parole Board Member,
JOHN O'DELL, in an official capacity as Colorado Parole Board Member,
ALFREDO PENA, in an official capacity as Colorado Parole Board Member,
MARJORIE LEWIS, in an official capacity as Colorado Parole Board Member,
MIN U KIM a/k/a Soo Kim or Kim Soo, d/b/a Carriage Motor Inn, 9201 E. Colfax Ave.,
MOTEL 9 LLC, and
COMMUNITY EDUCATION CENTER, INC.,

      Defendants.

## ORDER ON MOTION TO AMEND

Before the Court is Plaintiffs' Renewed Motion for Leave to File Third Amended and Supplemental Complaint [filed April 15, 2015; docket #87]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1C, this matter has been referred to this Court for disposition [docket #88]. The matter is sufficiently briefed, and oral argument would not assist the Court in its consideration of this matter. For the reasons that follow, the Court **grants** the Plaintiffs' motion.

### BACKGROUND

Plaintiffs attack the State of Colorado's Sex Offender Management Board (SOMB), contending that the SOMB's treatment of sex offenders (incarcerated, paroled or discharged from parole) violates the Plaintiffs' constitutional right of familial association. Plaintiffs, who are sex offenders or family of the same, allege that the SOMB applies a blanket prohibition against any sex offender having any contact with anyone under the age of 18 (even the sex offender's own children and grandchildren), and also includes indirect or third party contact (so the sex offender is not allowed to talk to his spouse or adult children about his children or grandchildren).

Plaintiffs seek to file a third amended complaint. Pending before District Judge Raymond Moore are motions to dismiss the Second Amended Complaint. First, Defendants contend that the proposed Third Amended Complaint does not address the deficiencies in the Second Amended Complaint, such that the filing of the former would be futile. Second, Defendants contend that the proposed Third Amended Complaint violates the requirement of Fed. R. Civ. P. 8(a)(2) that such a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Specifically, Defendants attack the introductory pages to the proposed Third Amended Complaint (which comprise an unnumbered, several-page paragraph engaging in a narrative of the alleged wrongs the Plaintiffs have suffered); they assert that other paragraphs combine law, history and argument instead of factual allegations; and they argue that other paragraphs insert irrelevant information about several Defendants and also about the Plaintiffs themselves. Finally, Defendants argue that the various Plaintiffs and their individual circumstances and treatment are misjoined in this lawsuit under Fed. R. Civ. P. 20.

## DISCUSSION

Rule 15 of the Federal Rules of Civil Procedure provides that, following a 21-day period for service of the complaint or service of a responsive pleading or Rule 12 motion, a party may amend its complaint only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a) (2010). Rule 15 instructs courts to "freely give leave when justice so requires." *Id.* Nevertheless, denying leave to amend is proper if the proposed amendments are unduly delayed, unduly prejudicial, futile, or sought in bad faith. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

**I.      Futility of Amendments**

Although the Court is aware of case law applying a Fed. R. Civ. P. 12(b) standard to a futility challenge of proposed amendments under Rule 15(a), in exercising its discretion, the Court here must consider the efficiency of proceeding in this matter, particularly in light of the motions to dismiss currently pending before the District Court in this case. *See Fluker v. Federal Bureau of Prisons*, No. 07-2426-CMA-CBS, 2009 WL 1065986, *5 (D. Colo. Apr. 21, 2009) (unpublished). Argument about the application of Rule 15(a) in this matter may serve only to interfere with the adjudication of motions already pending before Judge Moore. In other words, my engaging in the invited discussion about the failure of the proposed Third Amended Complaint to address the Defendants' motion to dismiss arguments would jump the gun and insert my opinion on a matter that is pending before the District Judge assigned to the case.[1]

Therefore, I find that Defendants' argument is more properly raised and adjudicated in their Rule 12(b) motion, rather than indirectly through opposition of a Rule 15(a) motion. *Id.* Considering that the denial of a motion to amend is a dispositive issue that may be only *recommended* by this Court, proceeding under Rule 12 may, at least, avoid one round of objections under Fed. R. Civ. P. 72(a) or 72(b). Therefore, the Defendants will be better served by awaiting an order by Judge Moore on their pending Rule 12 arguments. *See General Steel Domestic Sales, LLC v. Steelwise, LLC*, No. 07-1145-DME, 2008 WL 2520423, *4 (D. Colo. June 20, 2008) (unpublished).

---

[1] I note also that in light of Defendants' statement that the proposed Third Amended Complaint does not materially address their pending motions to dismiss, those motions will not be rendered moot by granting the motion to amend.

## II.     Short and Plain Statement

I do not believe that, in the main, the proposed Third Amended Complaint violates Rule 8. While it contains more information than is necessary to state the alleged claims, the unnumbered introductory paragraph does not seem to be intended to inform the Defendants of the claims against them (as opposed to the very detailed numbered paragraphs that follow), but rather to provide a guide to the reader. In the event an answer is ever required to this paragraph, a general denial will suffice. Further, although the proposed Third Amended Complaint contains more information than is necessary, in light of the nature of suits against governmental agents and entities and the inevitable filing of motions to dismiss based on qualified immunity and other constitutional defenses, some leeway is appropriate. Finally, Plaintiffs' lawsuit asserts unconstitutional interference with the most basic relationship of mankind since the beginning of time: Family. I do not believe striking the proposed amended pleading because of too much information is necessary here.

## III.    Misjoinder

The allegations in this case are consistent in that the Plaintiffs state that they have been harmed by a single policy applied in a variety of situations. Indeed, Plaintiffs allege that the SOMB policy *as applied* violates their constitutional rights. I believe it is appropriate to supply the federal courts with all the necessary detail and circumstances concerning application of this alleged policy to a variety of situations, including offenders who are in various stages of the penal process and family members of varying degree of affinity. This ought to be an issue that is decided with sufficient breadth so that notice is provided to the relevant parties and similar lawsuits are avoided. Moreover, Fed. R. Civ. P. 21 notes that misjoinder is not a ground for dismissal; Defendants may

raise this issue at a later day in the event they believe severance of particular claims or parties is appropriate.

## CONCLUSION

Rule 15(a) requires that courts "freely give leave when justice so requires." The Supreme Court has stated, "[i]f the underlying facts or circumstances relied upon by a [claimant] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim in the merits." *Foman*, 371 U.S. at 182. Here, the Court finds that the arguments raised by Defendants are not sufficient to deny the proposed amendment. Accordingly, in the interests of justice and efficiency, the Court **grants** Plaintiffs' Renewed Motion for Leave to File Third Amended and Supplemental Complaint [filed April 15, 2015; docket #87]. The Clerk of the Court is directed to file the Third Amended Complaint for Damages, Declaratory and Injunctive Relief and Jury Demand found at docket #87-1. Defendants shall respond to the Third Amended Complaint in accordance with Fed. R. Civ. P. 15 and all applicable local and federal rules (which, based on the current docket, will likely be a motion to dismiss incorporating by reference the pending motions).

Dated at Denver, Colorado this 12th day of May, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge