IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 14-cv-02231-RM-MEH

JONATHAN SHIELDS, *et al.*,

    Plaintiff,

v.

JENNIFER DUNCAN (personal and official capacities as Plaintiff's parole officer), *et al*.,

    Defendants.

---

**ORDER**

---

This matter is before the Court on "Plaintiff Steven Christiansen's Motion for Entry of Default against Motel 9 LLC and for a Hearing on the Amount of The Judgment" (ECF No. 93, the "Application for Default"). Motel 9 LLC has not responded to Plaintiffs' initial complaint or any of the amended complaints filed in this case, nor has it responded to the Application for Default. As explained below, the Court finds that Motel 9 LLC was not properly served with process and the Application for Default is DENIED without prejudice.

**I.     BACKGROUND**

On August 12, 2014, Plaintiffs, designated or convicted sex offenders and their family members, filed a complaint in this Court against various individuals and entities alleging that the Sex Offender Management Board has created and enforced an unconstitutional policy that no sex offender in offense specific treatment may have contact with any minor, even his or her own family members. This is regardless of the age and gender of the actual victims involved in the offender's original conviction or whether there is any actual evidence that the offender poses an identifiable risk to their children or other minor family members. Plaintiffs allege that the Parole

Board and individual parole officers have also unfairly enforced this policy.  Plaintiffs allege that as a result of this unfair application of this unconstitutional policy, Plaintiffs are being denied their Constitutional right to familial association.  Further, certain Plaintiffs allege they are forced to live in sub-standard motels after they are released from prison because their parole officers do not permit them to live with their families.  Those Plaintiffs have also brought Eighth Amendment claims against their parole officers for forcing them to live in these conditions and state law claims against the motels based on the unfit living conditions they were subject to.

Motel 9 LLC is one of the defendant motels being charged with state law violations as a result of the alleged unfit living conditions Plaintiff Steven Christiansen ("Christiansen") experienced when he was forced to live there by his parole officer.  A Summons was filed with the Court on March 30, 2015 (ECF No. 80) indicating that Motel 9 LLC was served on February 20, 2015.  However, Motel 9 LLC never filed an answer or moved to dismiss the Complaint.  On April 19, 2015 Christiansen filed the instant Application for Default seeking an order from this Court of default judgment against Motel 9 LLC and also requesting a damages hearing.  (ECF No. 93.)  The Application for Default states that Motel 9 LLC was served process via David Kang, who "represented that he was authorized to accept service for Daniel E. Kim, Registered Agent for Motel 9 LLC."  (ECF No. 93 at 2.)

**II.    ANALYSIS**

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  As a threshold showing that a party has failed to "plead or otherwise defend," a party must demonstrate that process was correctly served on the defendant.  Since Motel 9 LLC is an "unincorporated

2

association," the adequacy of process is determined by reference to Fed. R. Civ. P. 4(h), which provides that process must be effected "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h)(1)(B); *see also Villanueva v. Account Discovery Sys., LLC*, No. 14-cv-00395, --- F.Supp.3d ----, 2015 WL 148965, at *4 n.2 (D. Colo. Jan. 12, 2015) ("The service of process requirements under Fed. R. Civ. P. 4(h) also customarily apply to a limited liability company"). Alternatively, process on a company may be accomplished "in the manner prescribed by Rule 4(e)(1) for serving an individual," Fed. R. Civ. P. 4(h)(1)(A), which allows for service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . ." Fed. R. Civ. P. 4(e)(1). The Colorado rules provide in relevant part that "personal service" may be accomplished

> [u]pon any form of . . . limited liability company . . . by delivering a copy thereof to the registered agent for service as set forth in the most recently filed document in the records of the secretary of state of this state or any other jurisdiction, or one of the following:
>
> . . .
>
> (G) If no person listed in subsection (4) of this rule can be found in this state, upon any person serving as a shareholder, member, partner, or other person having an ownership or similar interest in, or any director, agent, or principal employee of such entity, who can be found in this state, or service as otherwise provided by law.

C.R.C.P. 4(e)(4).

3

Plaintiff Christiansen asserts in the Application for Default that Daniel E. Kim is the registered agent for service of process on Motel 9 LLC. (ECF No. 93 at 2; *see also* ECF No. 80 (listing Daniel Kim as the registered agent for Motel 9 LLC)). However, the Application for Default states that Motel 9 LLC was served via service on David Kang after "Mr. Kang represented that he was authorized to accept service for Daniel E. Kim, Registered Agent for Motel 9 LLC." (*Id.*; *see also* ECF No. 80.) There is nothing in the record to indicate that Mr. Kang was a proper person for receipt of service for Motel 9 LLC. In fact, Christiansen's own Application for Default lists Daniel Kim as the registered agent for service for Motel 9 LLC.

"The purpose of Rule 4(h) is to ensure that when a litigant serves process on a corporation, the process is delivered to a person of sufficient rank and control in the corporation such that the court can be reasonably assured that those corporate officials responsible for responding to the suit will actually be apprised of its pendency." *Inversora Murten SA v. Energoprojekt Holding Co.*, No. 06-cv02312-MSK, 2009 WL 179463, at *4 (D. Colo. Jan. 22, 2009) (citations omitted). The record is devoid of evidence demonstrating that Mr. Kang is an officer or appropriate agent of Motel 9 LLC on whom proper service could be made and who would be an appropriate individual to make those responsible for responding to the suit apprised of its pendency. *See Id*. The Court therefore finds that service on Motel 9 LLC via Mr. Kang was insufficient. Fed. R. Civ. P. 4(h)(1); C.R.C.P. 4(e)(4).

"If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Local Rule 41.1 further authorizes the Court discretion to "issue an order to show cause why a case should not be dismissed for failure to prosecute or failure to comply with these rules,

the Federal Rules of Civil Procedure, or any court order." D.C. Colo. L. Civ. R. 41.1. "If good cause is not shown, a district judge . . . may enter an order of dismissal with or without prejudice." *Id.*; *see also Pell v. Azar Nut Co., Inc.* 711 F.2d 949, 950 n.2 (10th Cir. 1983) ("when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant") (citing 5 C. Wright & Miller, Federal Practice and Procedures § 1354, 586-87 (1969)). Because service on Motel 9 LLC is "insufficient but curable," Plaintiff will be allowed an opportunity to properly serve Motel 9 LLC with process. *Id.*

### III.  CONCLUSION

Having found that Motel 9 LLC has not been properly served, it is **ORDERED** that:

1. Plaintiff Steven Christiansen's Motion for Entry of Default against Motel 9 LLC and for a Hearing on the Amount of The Judgment (ECF No. 93) is **DENIED** without prejudice;

2. Plaintiffs shall file proof of proper service on Defendant Motel 9 LLC **on or before June 5, 2015** or risk dismissal of Motel 9 LLC as a defendant in this matter.

DATED this 21st day of May, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge