# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
### Judge Raymond P. Moore

Civil Action No. 14-cv-02231-RM-MEH

JONATHAN SHIELDS, *et al.*,

      Plaintiff,

v.

JENNIFER DUNCAN (personal and official capacities as Plaintiff's parole officer), *et al*.,

      Defendants.

_____

# ORDER
_____

This matter is before the Court on "Plaintiff Steven Christiansen's Renewed Motion for Entry of Default against Motel 9 LLC and for a Hearing on the Amount of The Judgment" (ECF No. 116, the "Application for Default").  This is the second time this Plaintiff has moved for a default judgment against Motel 9 LLC ("Motel 9").  (*See* ECF No. 93, the "Previous Application.")  Motel 9 has not responded to Plaintiffs' initial complaint or any of the amended complaints filed in this case, nor has it responded to the Previous Application or this Application for Default.  As explained below, the Court *again* finds that Motel 9 was not properly served with process and the Application for Default is DENIED.

## I.    BACKGROUND

On August 12, 2014, Plaintiffs, designated or convicted sex offenders and their family members, filed a complaint in this Court against various individuals and entities alleging that the Sex Offender Management Board has created and enforced an unconstitutional policy that no sex offender in offense specific treatment may have contact with any minor, even his or her own family members.  This is regardless of the age and gender of the actual victims involved in the

offender's original conviction or whether there is any actual evidence that the offender poses an identifiable risk to their children or other minor family members.  Plaintiffs allege that the Colorado Parole Board and individual parole officers have also unfairly enforced this policy. Plaintiffs allege that as a result of this unfair application of this unconstitutional policy, Plaintiffs are being denied their Constitutional right to familial association.  Further, certain Plaintiffs allege they are forced to live in sub-standard conditions after they are released from prison because their parole officers do not permit them to live with their families and instead require them to reside in poorly maintained motels.  Those Plaintiffs have also brought Eighth Amendment claims against their parole officers for forcing them to live in these conditions and state law claims against the motels based on the unfit living conditions they were subject to.

Motel 9 is one of the defendant motels being charged with state law violations as a result of the alleged unfit living conditions Plaintiff Steven Christiansen ("Christiansen") experienced when he was forced to live there by his parole officer.  A Summons was filed with the Court on March 30, 2015 (ECF No. 80) indicating that Motel 9 was served on February 20, 2015. However, Motel 9 never filed an answer or moved to dismiss the Complaint.  On April 19, 2015 Christiansen filed the Previous Application seeking an order from this Court of default judgment against Motel 9 and also requesting a damages hearing.  (ECF No. 93.)  The Previous Application stated that Daniel E. Kim ("Kim") is the registered agent for service of process on Motel 9, but that Motel 9 was properly served via service on David Kang ("Kang"), the "Manager" at the motel, after "Mr. Kang represented that he was authorized to accept service for Daniel E. Kim, Registered Agent for Motel 9 LLC." (*Id.* at 2; *see* also ECF No. 80 (listing Kim as the registered agent for Motel 9).)  The Court denied the Previous Application, finding that Motel 9 had not been properly served with process and permitting Christiansen additional time to

file service on Motel 9's registered representative, Kim.  (ECF No. 109.)  Instead of serving

Kim, as the Court's Order had directed, Christiansen filed the instant Application for Default on

June 7, 2015—two days after the June 5, 2015, deadline the Court provided for Christiansen to

serve Kim—arguing *again* that service on Kang was sufficient to effect service upon Kim, which

in turn was sufficient to effect service upon Motel 9.

## II.    ANALYSIS

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a

judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure

is shown by affidavit or otherwise, the clerk must enter the party's default."  As a threshold

showing that a party has failed to "plead or otherwise defend," a party must demonstrate that

process was correctly served on the defendant.  Since Motel 9 LLC is an "unincorporated

association," the adequacy of process is determined by reference to Fed. R. Civ. P. 4(h), which

provides that process must be effected in one of two ways: either (i) by serving process "in the

manner prescribed by Rule 4(e)(1) for serving an individual," Fed. R. Civ. P. 4(h)(1)(A), or (ii)

"by delivering a copy of the summons and of the complaint to an officer, a managing or general

agent, or any other agent authorized by appointment or by law to receive service of process."

Fed. R. Civ. P. 4(h)(1)(B).  As to the first method under Rule 4(h)(1)(A), service under Rule

4(e)(1) allows for service by "following state law for serving a summons in an action brought in

courts of general jurisdiction in the state where the district court is located or where service is

made . . . ."

Christiansen argues that, by virtue of Fed. R. Civ. P. 4(h)(1)(A), allowing service by the

mechanism provided under state law, service was effective on Motel 9 through  Colorado Rules

of Civil Procedure ("C.R.C.P.") 4(e)(1) and 4(e)(4).  C.R.C.P. 4(e)(4) prescribes the manner by

which LLCs must be served, and allows service to be accomplished through service on the company's registered agent.  Christiansen further submits that Colorado courts have interpreted C.R.C.P. 4 to allow service on a company's registered agent in the same manner that service may be had on a "natural person" under C.R.C.P. 4(e)(1). C.R.C.P. 4(e)(1), in turn, allows service to be accomplished on a natural person by leaving a copy of the complaint and summons at that person's "usual workplace, with the person's supervisor, secretary, administrative assistant, bookkeeper, human resources representative or managing agent; or by delivering a copy to a person authorized by appointment or by law to receive service of process."  Christiansen thus argues that Kim has "appointed" Kang as a person authorized to receive service of process on his behalf, and so service on Kang thereby satisfied C.R.C.P. 4(e)(1) effecting service on Kim, in turn satisfying C.R.C.P. 4(e)(4) effecting service on Motel 9.  In other words, Christiansen's reasoning is that Kim was served vicariously through Kang, and Motel 9 was therefore served vicariously through Kim, or that service on the entity may be accomplished by serving the agent of the entity's agent.  (ECF No. 116 at 3.a-f.)

Christiansen cites to two Colorado court of appeals cases in support of this proposition. *See Merrill Chadwick Co. v. October Oil Co.*, 725 P.2d 17 (Colo. App. 1986); *Swanson v. Precision Sales & Servs.*, 832 P.2d 1109 (Colo. App. 1992).  Although Christensen does not cite to it in his brief, the Colorado Supreme Court has spoken directly to this issue, and this Court must follow the decisions of the Colorado Supreme Court when applying Colorado law.  *In re Goodman Assocs., LLC v. WP Mountain Properties, LLC*, 222 P.3d 310 (Colo. 2010).  In *Goodman Associates*, the Colorado Supreme Court held that "in Colorado, a registered agent may be served in the same manner as a 'natural person' under C.R.C.P. 4. . . . Accordingly, C.R.C.P. 4(e)(1) permits service upon a registered agent, as a natural person, 'at the person's

4

usual workplace, with the person's secretary, administrative assistant, bookkeeper, or managing

agent.'" *Id.* at 316 (quoting C.R.C.P. 4, other citations omitted).  The Colorado Supreme Court

went on to discuss the intended meaning of this language, noting that C.R.C.P. 4 had been

revised to "reflect[] the need to expand and modernize the methods of service." *Id.* at 317.  The

court then reviewed a law review article analyzing C.R.C.P. 4, explaining that these revisions

were made to the rule

> to make it clear that alternate service at the workplace is limited to service on "the
> persons secretary, etc." not on a secretary or manager at the person's workplace.
> *Service on a supervisor or manager of the business offers no assurance that the
> defendant will ever receive actual notice* (except perhaps with his or her pink
> slip).  If the defendant is to receive notice, it is likely to occur only when delivery
> is made to the defendant's subordinate, who will feel a genuine obligation to
> deliver the process.  Thus, "managing agent" is used to distinguish the "person's
> managing agent" (acceptable) from a "manager" at the person's place of
> employment (unacceptable).

*Id.* (quoting Richard P. Holme, *2006 Amendments to the Civil Rules: Modernization, New Math,*

*and Polishing*, 35 Colo. Law. 21 (May 2006)) (emphasis added).

Christiansen argues that Kim "has appointed David Kang as a person authorized to

receive service of process on his behalf, and that Kang so represented that fact to the process

server." (ECF No. 116 at 3.f.)  However, neither C.R.C.P. 4(e)(1) nor 4(e)(4) indicate that

service could be accomplished by serving someone "authorized to receive service" where that

person merely represents the same, nor does the Colorado Supreme Court's ruling in *Goodman*

*Associates* permit such a broad interpretation of the rules.  Indeed, the fact that C.R.C.P. 4(e)(1)

includes a defined list of employees that could receive service on a natural person's behalf,

including the person's secretary, would contradict Christiansen's offered interpretation that

anyone at the company could merely represent that they were appointed to accept service on that

person's behalf.  This would also contradict the Colorado Supreme Court's interpretation of the

C.R.C.P. 4(e)(1) in *Goodman Associates*, where it specifically stated that the current version of the rule intended to *exclude* "service on a supervisor or manager of the business" from the list of acceptable people who could accept service on behalf of the company's representative.  222 P.3d at 317 (citations omitted).  Here, Kang is listed as the "Manager" of the motel in the Affidavit of Service (ECF No. 80), and the Colorado Supreme Court has taken the position that "[s]ervice on a supervisor or manager of the business offers no assurance that the defendant will ever receive actual notice." *In re Goodman Assocs.*, 222 P.3d at 317 (citations omitted).

Christiansen argues in the alternative that Kang "is a secretary, administrative assistant, bookkeeper or managing agent pursuant to CRCP Rule 4(e)(1)."  (ECF No. 116 at 3.f.) However, as noted above, the Affidavit of Service lists Kang as "Manager" of the motel – the position of manager is not the same as a "secretary, administrative assistant, bookkeeper or managing agent." *See In re Goodman Assocs.* 222 P.3d at 317.  Indeed, as noted above, the Colorado Supreme Court has taken the opposite position that managers of the business are not in an appropriate position to accept service on behalf of a company's registered agent.  *Id.*

Christiansen submits in his Application for Default that Kim has "studiously avoided service of process and ignored all communications sent by undersigned counsel, including the Notice of Lawsuit and Request for Waiver that was sent to him by certified mail."  (ECF No. 116.)  However, Christiansen has not submitted an affidavit containing factual statements of what attempts were actually made to serve Kim that were so "studiously avoided," and the Court is unable to determine from the record if any attempts have *ever* been made to serve Kim directly, as opposed to merely requesting that he waive his right to proper service or by serving the manager working at the Motel 9.  Christiansen has also failed to argue they have attempted to locate and serve any other person listed in C.R.C.P. 4(e)(4).

6

"The purpose of Rule 4(h) is to ensure that when a litigant serves process on a corporation, the process is delivered to a person of sufficient rank and control in the corporation such that the court can be reasonably assured that those corporate officials responsible for responding to the suit will actually be apprised of its pendency." *Inversora Murten SA v. Energoprojekt Holding Co.*, No. 06-cv02312-MSK, 2009 WL 179463, at *4 (D. Colo. Jan. 22, 2009) (citations omitted). The record is devoid of evidence demonstrating that Kang is an officer or appropriate agent of Motel 9 LLC on whom proper service could be made or who would be an appropriate individual to make those responsible for responding to the suit apprised of its pendency. *See Id*. The Court therefore finds that service on Motel 9 LLC via Kang was insufficient. Fed. R. Civ. P. 4(h)(1); C.R.C.P. 4(e)(4).

"If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Local Rule 41.1 further authorizes the Court discretion to "issue an order to show cause why a case should not be dismissed for failure to prosecute or failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order." D.C. Colo. L. Civ. R. 41.1. "If good cause is not shown, a district judge . . . may enter an order of dismissal with or without prejudice." *Id.*; *see also Pell v. Azar Nut Co., Inc.* 711 F.2d 949, 950 n.2 (10th Cir. 1983) ("when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant") (citing 5 C. Wright & Miller, Federal Practice and Procedures § 1354, 586-87 (1969)). Because service on Motel 9 LLC is "insufficient but curable," Christiansen will be allowed an opportunity to properly serve Motel 9 with process. *Id.*

### III.      CONCLUSION

Having found that Motel 9 LLC has not been properly served, it is **ORDERED** that:

1. Plaintiff Steven Christiansen's Renewed Motion for Entry of Default against Motel 9 LLC
   and for a Hearing on the Amount of The Judgment (ECF No. 116) is **DENIED** without
   prejudice;

2. Plaintiffs shall file proof of proper service on Defendant Motel 9 LLC **on or before July 16,
   2015** or risk dismissal of Motel 9 LLC as a defendant in this matter.


DATED this 26th day of May, 2015.

BY THE COURT:

_____

RAYMOND P. MOORE
United States District Judge