IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02231-RM-MEH

JONATHAN SHIELDS,
STEVEN CHRISTIANSEN,
MISTY CHRISTIANSEN,
S.C. (by and through her next friend Misty Christiansen),
JAMES KERNS,
ERIC PETERSEN,
WESLEY SPECHT,
JESSICA SPECHT,
ASHLEY CLARK,
CHRISTOPHER CLARK,
THOMAS SPITZ,
DAVID ZAYATZ,
ERIN MCCLANAHAN,
R.M. (by and through her next friend Erin McClanahan),
EARL COOLEY,
HAROLD DEAN GROVES, and
MARSHA GROVES,

    Plaintiffs,

v.

JENNIFER DUNCAN, in her individual and official capacities,
THERESA DAWES, in her individual and official capacities,
SHEFALI PHILLIPS, in an official capacity as a parole officer,
KYLI SIMMS, in an official capacity as a parole officer,
AMY TATE, in an official capacity as a parole officer,
MATTHEW SULLIVAN, in his individual and official capacities,
MIRANDA KINNETT, in her individual and official capacities,
RICK RAEMICSH, in his official capacity as Executive Director of the CDOC,
MARCELO KOPCOW, in an official capacity as SOMB Board Member,
ERIN JEMISON, in an official capacity as SOMB Board Member,
MARY BAYDARIAN, in an official capacity as SOMB Board Member,
CARL BLAKE, in an official capacity as SOMB Board Member,
ALLISON BOYD, in an official capacity as SOMB Board Member,
A. MERVYN DAVIES, in an official capacity as SOMB Board Member,
CHERYL DAVIES, in an official capacity as SOMB Board Member,
JESSICA CURTIS, in an official capacity as SOMB Board Member,
AMY FITCH, in an official capacity as SOMB Board Member,
JEFF GEIST, in an official capacity as SOMB Board Member,
MISSY GURSKY, in an official capacity as SOMB Board Member,
PEGGY HEIL, in an official capacity as SOMB Board Member,
WILLIAM HILDEBRAND, in an official capacity as SOMB Board Member,
NANCY JOHNSON, in an official capacity as SOMB Board Member,

JEFF JENKS, in an official capacity as SOMB Board Member,
DIANNA LWYER-BROOK, in an official capacity as SOMB Board Member,
TOM LEVERSEE, in an official capacity as SOMB Board Member,
RICHARD BEDNARSKI, in an official capacity as SOMB Board Member,
JOHN ODENHEIMER, in an official capacity as SOMB Board Member,
JESSICA MEZA, in an official capacity as SOMB Board Member,
ANGEL WEANT, in an official capacity as SOMB Board Member,
MIMI SCHEUERMANN, in an official capacity as SOMB Board Member,
DOUG STEPHENS, in an official capacity as SOMB Board Member,
BRANDON SHAFFER, in an official capacity as Colorado Parole Board Member,
REBECCA OAKES, in an official capacity as Colorado Parole Board Member,
DENISE BALAZIC, in an official capacity as Colorado Parole Board Member,
JOE MORALES, in an official capacity as Colorado Parole Board Member,
JOHN O'DELL, in an official capacity as Colorado Parole Board Member,
ALFREDO PENA, in an official capacity as Colorado Parole Board Member,
MARJORIE LEWIS, in an official capacity as Colorado Parole Board Member,
MIN U KIM a/k/a Soo Kim or Kim Soo, d/b/a Carriage Motor Inn, 9201 E. Colfax Ave.,
MOTEL 9 LLC, and
COMMUNITY EDUCATION CENTER, INC.,

     Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is the Motion to Dismiss Defendants Matthew Sullivan and Miranda Kinnett [filed May 27, 2015; docket #112]. Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1(c), the Motion has been referred to this Court for recommendation. Docket #115. The Court finds that oral argument would not materially assist in the adjudication of the Motion. For the reasons that follow, this Court respectfully recommends that Defendants' Motion be **granted in part** and **denied in part**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party

**BACKGROUND**

Plaintiffs assert that the State of Colorado's Sex Offender Management Board's ("SOMB") treatment of sex offenders (incarcerated, paroled or discharged from parole) violates the Plaintiffs' constitutional right of familial association. Plaintiffs, who are self-described sex offenders or family of the same, allege that the SOMB applies a blanket prohibition against any sex offender having any contact with anyone under the age of 18 (even the sex offender's own children and grandchildren), and includes indirect or third-party contact (so the sex offender is not allowed to talk to his spouse or adult children about his children or grandchildren). Defendants Sullivan and Kinnett filed the currently pending Motion to Dismiss asserting (1) misjoinder under Fed. R. Civ. P. 20, and (2) failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

**I.     Statement of Facts**

The following are factual allegations (as opposed to legal conclusions, bare assertions, or merely conclusory allegations) made by Plaintiffs Christopher Clark and Ashley Clark, the only Plaintiffs in the Third Amended Complaint who assert any claims against Defendants Sullivan and Kinnett. *See* Third Amended Complaint ("TAC"), docket #102, ¶¶ 3, 10, 77-82, 103.

Plaintiff Christopher Clark was sentenced in Mesa County District Court to six years at the Department of Corrections ("DOC") on July 10, 2012. TAC, docket #102 at 49, ¶77. At the time, he was on parole from convictions in two other Mesa County felony cases. *Id*. None of the three cases were for sex offenses, and Mr. Clark has never been charged with a sex offense. *Id*. Plaintiff Ashley Clark has never been a victim of any of Mr. Clark's crimes or alleged crimes. *Id*.

---

from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

Defendants Sullivan and Kinnett are officers or employees of the Mesa County Criminal Justice Services Department, which is responsible for administering the Mesa County Community Corrections Facility ("MCCCF"). *Id*. at 49, ¶10.

When Mr. Clark was sentenced to DOC on July 10, 2012, Ashley Clark – who was not yet his wife – was pregnant and had their son on July 17, 2012. *Id*. at 50, ¶79. DOC released Mr. Clark to MCCCF, a DOC halfway house. *Id*. at 8, ¶10. When that move occurred, on or about January 21, 2014, the facility initially gave Mr. Clark weekend passes to spend time with Ashley Clark and their son. *Id*. at 50, ¶80. The couple got married on or about February 21, 2014. *Id*. After the marriage, the Clarks claim that MCCCF "suddenly starting treating Mr. Clark as if he were a sex offender, for no rational reason." *Id*. He was given a write up for getting married without permission, and then Defendants Sullivan and Kinnett refused to allow Mr. Clark to see Mrs. Clark at all. *Id*. Defendants Sullivan and Kinnett instructed the Clarks that if they would engage in marriage counseling, they would get their visiting passes back. *Id*. The Clarks assert:

> [Defendants Sullivan and Kinnett] accused Mr. Clark of having affairs with other women and [said] he was not good enough to be in a relationship with Ashley. Mr. Clark is an African American and Mrs. Clark is Caucasian. The only contact Christopher and Ashley had was during the marriage counseling at [MCCCF,] and they graduated marriage counseling in May 2014; however, Mr. Sullivan and Ms. Kinnett continued to deny Mr. Clark [] contact with his wife. During this time period, Mr. Clark was given passes to have outside contact with his brother and other female friends, but Mr. Sullivan and Ms. Kinnett continued with their officious efforts to break up the Clarks' marriage by denying them all contact.

*Id*. at 50-51, ¶80.

The Clarks both complained and submitted grievances to numerous individuals at MCCCF regarding the contact restrictions, and they exhausted all administrative remedies. *Id*. at 51, ¶81. On June 20, 2014, the Clarks were allowed to see each other again, and Mrs. Clark became pregnant with their second child in July 2014. *Id*. Mr. Clark has since been released on intensified supervision, but he was not allowed to live with his wife and children for 60 days, while other

4

inmates on such supervision are allowed to go straight home to their spouses when released. *Id*.

Defendants Sullivan and Kinnett were the two officers who made the decision that the Clarks could not have any contact at all with one another from March 2014 until June 2014 and could not live with each other from October 2014 to the time that Mr. Clark transitioned back into the community. *Id*. at 8, ¶10. Defendants Sullivan and Kinnett are being sued in their individual capacities for damages. *Id*. Plaintiffs claim the restrictions on Mr. Clark's visitation with his son and pregnant wife were unconstitutional and not rationally related to any legitimate penological interest. *Id*. at 51-52, ¶82.

## II.     Procedural History

Plaintiffs – 17 individuals – filed the operative TAC on May 13, 2015, alleging generally that the more than 40 named Defendants, in their individual and official capacities, violated Plaintiffs' rights to familial association, leading to four causes of action in this case. TAC, docket #102. The Clarks, however, assert just one cause of action against Defendants Sullivan and Kinnett: a claim pursuant to 42 U.S.C. § 1983 for violations of the Eighth and Fourteenth Amendments to the Constitution for denying the right to familial association by prohibiting all contact between March 2, 2014 and June 20, 2014, and for "treating Mr. Clark as if he were a sex offender when he is not a sex offender." *Id*. at 62-63, ¶103. Plaintiffs further assert that Defendants Sullivan and Kinnett "acted with actual malice in recklessly denying the couple the right to associate with each other as husband and wife and for punishing them for getting married in violation of their constitutional right to do so." *Id*. As relief, the Clarks seek nominal, compensatory, and punitive damages against Defendants Sullivan and Kinnett in their individual capacities. *Id*. at 62.

Defendants Sullivan and Kinnett responded to Plaintiff's TAC by filing the present Motion to Dismiss. Docket #112. Defendants argue that (1) they were improperly joined pursuant to Fed. R. Civ. P. 20; and (2) the Clarks fail to state an Eighth or Fourteenth Amendment claim upon which

relief can be granted pursuant to Fed. R. Civ. P 12(b)(6). *Id.* at 10-19.

## ANALYSIS

In *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966), the Supreme Court held that "[u]nder the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." 383 U.S. at 724. Pursuant to Fed. R. Civ. P. 20, joinder is permissible if plaintiffs' right to relief or the right to relief asserted against multiple defendants arises "out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all plaintiffs [or defendants] will arise in the action." Misjoinder, however, "is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21.

The allegations in this case are consistent in that the Plaintiffs state that they have been harmed by a single policy applied in a variety of situations. TAC, docket #102 at 2. Indeed, Plaintiffs allege that the SOMB policy *as applied* violates their constitutional rights. *Id.* TAC, docket #102 at 2. As this Court has previously indicated, this ought to be an issue that is decided with sufficient breadth so that notice is provided to the relevant parties and similar lawsuits are avoided. *See* Order on Motion to Amend, docket #101 at 5.

Here, however, the TAC describes the Plaintiffs and the lawsuit itself in ways that do not apply to the Clarks and Defendants Sullivan and Kinnett:

> The Plaintiffs are all designated or convicted sex offenders who are incarcerated in the [DOC], have been paroled or have been successfully discharged from their parole sentences, and their family members. This lawsuit is about how the ["SOMB"] promulgated an unconstitutional policy, based on no legitimate peer reviewed scientific evidence, that all sex offenders are forever a danger to any child.

TAC, docket #102 at 2.

Defendants Sullivan and Kinnett correctly argue that the TAC does not allege that either of

them applied the SOMB's allegedly unconstitutional policy to the Clarks. Plaintiffs admit that Mr. Clark was never charged with or convicted of a sex offense, nor did SOMB policies ever apply to him. *Id*. at 49, ¶77. The TAC states without explanation that Mr. Clark was treated "as if" he were "a designated sex offender." *Id*. at 6, ¶3. Later, the TAC states, again without explanation, that after the marriage, the MCCCF "suddenly started treat[ing] Mr. Clark as if he were a sex offender, for no rational reason." *Id*. at 50, ¶80. Plaintiffs again assert this in the Response to the Motion to Dismiss: "Mr. Clark was *not* convicted of a sex offense, but he and his wife are being treated as if he is a 'sex offender.'" Response, docket #126 at 1 (emphasis in original). Plaintiffs claim that Defendants Sullivan and Kinnett "deprived the Clarks of their right to familiar association for no rational reason." *Id*. at 2. Yet, because Mr. Clark is not under the SOMB regulations and nothing in the TAC indicates Defendants used the SOMB regulations in any way against Mr. Clark, there is no common core of law shared with the other Plaintiff offenders – registered sex offenders who were denied association with family based on SOMB policy.

Therefore, this Court respectfully recommends the District Court find that the claims against Defendants Sullivan and Kinnett have been misjoined under Fed. R. Civ. P. 20 and should be severed from the above-captioned lawsuit.

## CONCLUSION

Accordingly, based upon the foregoing and the entire record herein, this Court respectfully RECOMMENDS that the Defendants Sullivan and Kinnett's Motion to Dismiss [filed May 27, 2015; docket #112] be **denied in part** as dismissal is not a proper remedy to misjoinder, but **granted in part** to sever the claims against them from this lawsuit.[2]

Entered and dated at Denver, Colorado, this 26th day of August, 2015.

---

[2] In light of this Recommendation, the Court need not address at this time the 12(b)(6) arguments of Defendants Sullivan and Kinnett.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge