IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 14-cv-02231-RM-MEH

JONATHAN SHIELDS, *et al.*,

    Plaintiffs,

v.

JENNIFER DUNCAN (personal and official capacities as Plaintiff's parole officer), *et al.*,

    Defendants.

---

**ORDER**

---

    This matter is before the Court on the August 26, 2015, Recommendation of United States Magistrate Judge Michael E. Hegarty (the "Recommendation") (ECF No. 142) to grant, in part, Defendants Matthew Sullivan and Miranda Kinnett's (collectively, "Movants") Motion to Dismiss (ECF No. 112). Pursuant to the Motion, Movants sought dismissal from this case on the basis of misjoinder under FED. R. CIV. P. 20 and failure to state a claim under FED. R. CIV. P. 12(b)(6). Magistrate Judge Hegarty, however, found dismissal was not an appropriate remedy for misjoinder; instead, he recommended the claims against Movants be severed from this lawsuit. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b).

    The Recommendation advised the parties that specific written objections were due within fourteen days after being served with a copy of the Recommendation. (ECF No. 142 at 2-3.) Despite this advisement, no objections to the Recommendation have to date been filed by any party and the time to do so has expired. (*See generally* Dkt.)

The Court concludes that Magistrate Judge Hegarty's analysis was thorough and sound, and that there is no clear error on the face of the record.  *See* FED. R. CIV. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate.").  The Recommendation is, therefore, adopted as an order of this Court.

There remains, however, the issue of how, procedurally, the severed claims are to be handled.  Here, it appears only one claim is asserted against Movants, and that is brought by Plaintiffs Christopher Clark and Ashley Clark, who, in turn, assert only that one claim.  Thus, a severance of the claims against Movants essentially severs the Clark Plaintiffs and Movants from all other parties.[1]  Accordingly, the parties are directed to confer and provide a joint status report to address how to secure the just, speedy, and inexpensive determination of these severed claims.  *See* FED. R. CIV. P. 1.

In accordance with the foregoing, the Court:

(1)  **ADOPTS** the Recommendation of United States Magistrate Judge (ECF No. 142) in its entirety;

(2)  **GRANTS IN PART**, and **DENIES IN PART**, Defendants Matthew Sullivan and Miranda Kinnett's Motion to Dismiss (ECF No. 112);

(3)  **SEVERS** Plaintiffs Christopher Clark and Ashley Clark's claims against Defendants Matthew Sullivan and Miranda Kinnett from the remaining claims in this action; and

---

[1] The Court recognizes there is a Recommendation (ECF No. 162) to abstain from hearing this matter – which does not apply to the Clark Plaintiffs or Movants – pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), which the Court will address by separate order.

(4)     **ORDERS** that on or before Friday, March 18, 2016, these parties shall file a joint Status Report Clerk advising the Court how they wish to proceed on the handling of the severed claims.

DATED this 7th day of March 2016.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge
