IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 14-cv-02231-RM-MEH

JONATHAN SHIELDS,
STEVEN CHRISTIANSEN,
ERIC PETERSEN,
WESLEY SPECHT, and
JESSICA SPECHT,

    Plaintiffs,

v.

JENNIFER DUNCAN, in her individual capacity as Jonathan Shields' parole officer,
THERESA DAWES, in her individual capacity as Steven Christiansen's parole officer,
SHEFALI PHILLIPS, in her official capacity as Eric Petersen's parole officer,
RICK RAEMICSH, in an official capacity as Executive Director of the Colorado DOC,
MARCELO KOPCOW, in an official capacity as SOMB Board Member,
ERIN JEMISON, in an official capacity as SOMB Board Chair,
MARY BAYDARIAN, in an official capacity as SOMB Board Member,
CARL BLAKE, in an official capacity as SOMB Board Member,
ALLISON BOYD, in an official capacity as SOMB Board Member,
A. MERVYN DAVIES, in an official capacity as SOMB Board Member,
CHERYL DAVIES, in an official capacity as SOMB Board Member,
JESSICA CURTIS, in an official capacity as SOMB Board Member,
AMY FITCH, in an official capacity as SOMB Board Member,
JEFF GEIST, in an official capacity as SOMB Board Member,
MISSY GURSKY, in an official capacity as SOMB Board Member,
PEGGY HEIL, in an official capacity as SOMB Board Member,
WILLIAM HILDEBRAND, in an official capacity as SOMB Board Member,
NANCY JOHNSON, in an official capacity as SOMB Board Member,
JEFF JENKS, in an official capacity as SOMB Board Member,
DIANNA LWYER-BROOK, in an official capacity as SOMB Board Member,
TOM LEVERSEE, in an official capacity as SOMB Board Member,
RICHARD BEDNARSKI, in an official capacity as SOMB Board Member,
JOHN ODENHEIMER, in an official capacity as SOMB Board Member,
JESSICA MEZA, in an official capacity as SOMB Board Member,
ANGEL WEANT, in an official capacity as SOMB Board Member,
MIMI SCHEUERMANN, in an official capacity as SOMB Board Member,
DOUG STEPHENS, in an official capacity as SOMB Board Member,
BRANDON SHAFFER, in an official capacity as Colorado Parole Board Member,

REBECCA OAKES, in an official capacity as Colorado Parole Board Member,
DENISE BALAZIC, in an official capacity as Colorado Parole Board Member,
JOE MORALES, in an official capacity as Colorado Parole Board Member,[1]
JOHN O'DELL, in an official capacity as Colorado Parole Board Member,
ALFREDO PENA, in an official capacity as Colorado Parole Board Member, and
MARJORIE LEWIS, in an official capacity as Colorado Parole Board Member,

    Defendants.

---

# ORDER

---

This matter is before the Court on the "Recommendation of United States Magistrate Judge (the "Recommendation" or "Rec.") (ECF No. 219) and "Plaintiff Eric Petersen's Objections to the Magistrate's Recommendation to Grant Defendant's Motion to Dismiss" (the "Objection") (ECF No. 222). No other party has filed any objection to the Recommendation; and no party has filed any response to Mr. Petersen's Objection. *See* Dkt. As to Mr. Petersen, the Magistrate Judge recommended his First Claim for Relief (and his only claim) be dismissed as barred by the statute of limitations. Upon consideration of the Recommendation, Objection, relevant parts of the record, and the applicable statutes and case law, and being otherwise fully advised, the Objection is **OVERRULED**.

## I.    BACKGROUND

Generally, Plaintiffs' claims relate to restrictions and conditions Defendants allegedly imposed based on or due to Plaintiffs' (or, in the case of Jessica Specht, their spouse's) designations as sex offenders or convictions for sex offenses. No party objects to the

---

[1] This caption includes Joe Morales and John O'Dell as defendants based on Plaintiffs' Notice of Correct Case Caption (ECF No. 148), as amended based on subsequent dismissals in this case. The Court recognizes that the Magistrate Judge's subsequently issued Minute Order (ECF No. 151) does not include these two defendants but its review of the docket fails to show that either one of these defendants have been dismissed from this case.

2

Background, which includes a Statement of Facts and Procedural History. Finding no clear error, the Court accepts the Background and incorporates the same by reference.

## II. LEGAL STANDARD

### A. Review of a Magistrate Judge's Report and Recommendation

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires the district court judge to "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). An objection is proper if it is filed within fourteen days of the magistrate judge's recommendations and specific enough to enable the "'district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). The district judge need not, however, consider arguments not raised before the magistrate judge. *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

In the absence of a timely and specific objection, "the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

## B. Motions to Dismiss

### 1. Lack of Subject Matter Jurisdiction – Rule 12(b)(1)

Motions to dismiss under Rule 12(b)(1) are, generally, either a facial attack on the complaint's allegations as to the existence of subject matter jurisdiction or a factual attack which goes beyond the allegations and challenges the facts on which subject matter jurisdiction is based. *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001). A facial attack challenging the sufficiency of the complaint – such as the one made here by Defendants – requires the court to accept the allegations of the complaint as true. *Stuart*, 271 F.3d at 1225; *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) (internal citation omitted).

### 2. Failure to State a Claim – Rule 12(b)(6)

In evaluating a motion to dismiss under Rule 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Brokers' Choice of America, Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1135–36 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). Conclusory allegations are insufficient. *See Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009). Instead, in the complaint, the plaintiff must allege a "plausible" entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–556 (2007). A complaint warrants dismissal if it fails "*in toto* to render plaintiffs' entitlement to relief plausible." *Twombly*, 550 U.S. at 569 n.14 (italics in original). "In determining the plausibility of a claim, we look to the elements of the particular cause of action, keeping in mind that the Rule 12(b)(6) standard does not require a plaintiff to set forth a prima

facie case for each element." *Safe Streets Alliance v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017) (alteration, citation, and internal quotation marks omitted).

## III.   ANALYSIS

### A. Recommendations to which there are no objections.

As the case currently stands, the following two claims[2] are at issue: (1) First Claim for Declaratory and Injunctive Relief by Plaintiffs Shields,[3] Petersen, and the Spechts; and (2) Second Claim for Compensatory and Punitive Damages by Plaintiffs Shields and Christiansen. As to such claims, upon Motion to Dismiss filed by Defendants,[4] the Magistrate Judge recommends the following:

(1) Granting Defendants' Motion to Dismiss as to Mr. Petersen's First Claim as it is barred by the two-year statute of limitations;

(2) Denying Defendants' Motion to Dismiss as to Mr. and Mrs. Specht's First Claim as to interference with their rights to familial association with each other;

---

[2] As stated in this Court's Order of October 13, 2016, there are only two claims at issue. (ECF No. 201 n.5.)
[3] Who is a party to this claim appears, at times, to be unclear. Specifically, the Plaintiffs' "Stipulation of Dismissal with Prejudice of Plaintiffs Whose Claims are Moot and of Defendants Who are No Longer Parties" (ECF No. 216 at ¶ 2) does not include Mr. Shields as a party to the First Claim but, as the Magistrate Judge recognized in the Recommendation, Plaintiffs' Response to Defendants' Motion to Dismiss vacillated on whether Mr. Shields is a party to the First Claim. (*Cf.* ECF No. 214, page 1 (stating Plaintiffs Shields' and Christiansen' claim for injunctive relief is moot) *with* ECF No. 214, page 16 (stating Plaintiff Shields' injunctive relief claim is ripe).) As the Recommendation found Mr. Shields still seeks injunctive relief on the First Claim, and no party objects to this finding, the Court will also consider him a party to this claim.
[4] Defendants Duncan, Dawes, Phillips, Tate, Raemisch, the members of the Sex Offender Management Board (SOMB), and the Colorado Board of Parole. (ECF No. 204.) Since the filing of the Motion to Dismiss, the following parties have been voluntarily dismissed: Plaintiffs Kerns, Spitz, and Cooley; and Defendants Sage and Tate. (ECF No. 216.) Accordingly, their names have been removed from the caption of this action.

(3) Granting Defendants' Motion to Dismiss as to Mr. Specht's First Claim concerning visitation with his niece and nephew as either abandoned or, alternatively, on the merits;[5]

(4) Granting Defendants' Motion to Dismiss as to Mr. Shield's First Claim as it is not ripe; and

(5) Denying Defendants' Motion to Dismiss as to Messrs. Shields' and Christiansen's Second Claim.

As stated, only Mr. Petersen objects to the Recommendation as to his first (and only) claim. As such, the Court reviews the remaining recommendations for clear error. Except as stated below, having found no clear error, the Court accepts the remaining recommendations, *i.e.*, (2), (3), (4), and (5) above.

The Court's exception relates to recommendation (4) above. The Court accepts the recommendation that Mr. Shield's First Claim is not ripe but rejects the recommendation that such claim should be dismissed based on failure to state a claim, *i.e.*, Rule 12(b)(6). (Rec. at page 7 n.4 & page 17.) Instead, the Court finds the dismissal should be based on Rule 12(b)(1). The "[r]ipeness doctrine is rooted both in the jurisdictional requirement that Article III courts hear only 'cases and controversies' and in prudential considerations limiting our jurisdiction." *Alto Eldorado P'ship v. Cty. of Santa Fe*, 634 F.3d 1170, 1173 (10th Cir. 2011). Thus, a ripeness challenge is treated as a motion to dismiss under Rule 12(b)(1). *SK Fin. SA v. La Plata Cty., Bd. of Cty. Comm'rs*, 126 F.3d 1272, 1275 (10th Cir. 1997). Further, any such dismissal is without prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("[W]here

---

[5] This recommendation is found at page 14, footnote 6. (ECF No. 219.)

the district court dismisses an action for lack of jurisdiction ... the dismissal must be without prejudice."); *Yaklich v. Grand Cty.*, 278 F. App'x 797, 803 (10th Cir. 2008) (dismissal based on lack of ripeness is without prejudice).

In addition to the foregoing, the Court finds, on de novo review, the following as to the Spechts' First Claim. That claim raises a right to familial association with three "groups": "each other and other friends [presumably, the Zanghi children] and family members." (Third Amended Complaint ("TAC"), ECF No. 102, ¶¶ 73, 74, 94.c.) Defendants' Motion to Dismiss argued Plaintiffs' claims regarding visitation with minors along with Mr. Specht's claim regarding visitation with his wife fail. The Spechts' Response addressed only restrictions of visitations by Mrs. Specht. As the Magistrate Judge found, and this Court accepts: (1) Mr. Specht's First Claim has been abandoned or, alternatively, fails to state a claim as to his niece and nephew who are allegedly minors; and (2) the Spechts have plausibly alleged a claim for interference with their rights of familial association with each other. That leaves one remaining group – the Zanghi children. As to any such claim, the Court finds it has also been abandoned by Mr. Specht. The same is true to the extent Mrs. Specht alleges violations of her alleged right to familial association with "other friends and family members" (TAC ¶ 94.c).

**B. Recommendation to which there is an objection.**

Mr. Peterson alleges he was paroled on July 1, 2010 and was enrolled in sex offender treatment in the community. (TAC ¶ 63.)[6] He has a minor daughter who was born while he was in prison, and is allowed to have only four pictures of her. (TAC ¶¶ 62, 64.) This is the only

---

[6] Mr. Petersen's Objection appears to refer to not only his TAC but also his Second Amended Complaint ("SAC") (ECF No. 27). (*See* Objection, page 7 (referring to ¶¶ 48-54 in the SAC, which are contained in ¶¶ 64-70 of the TAC).) The TAC is the operative complaint; therefore, the Court will consider and refer to the allegations in the TAC in its analysis.

"contact" Mr. Petersen has been allowed with his daughter by the parole board and his parole officer. (TAC ¶ 64.) There are no allegations that the terms and conditions of his parole have changed since July 1, 2010. (*See* TAC.) Indeed, Mr. Petersen confirms and concedes they have not. (Objection, page 2.) This lawsuit was filed on August 12, 2104, and Mr. Petersen was added as a party on November 13, 2014 (ECF Nos. 26, 27). Defendants' Motion to Dismiss raised the issue of whether Mr. Petersen's claim,[7] filed more than four years after the terms and conditions of his parole were imposed, was filed too late.

The parties do not dispute that Colorado's two-year statute of limitations under Colo. Rev. Stat. § 13-80-102 applies to Mr. Petersen's First Claim. The parties' dispute is with whether that statute has run. Here, the Magistrate Judge found that Mr. Petersen's claim began to run in July 2010, when his restriction from contact with his daughter was put in place by Defendants; that Mr. Petersen cannot rely on arguments of a purported "August 2014 safety plan" as the accrual date for his claim where no such allegations appear in the TAC; and that even if the "continuing violation doctrine" applies to § 1983 actions, Mr. Petersen's claim would still be time barred. In his Objection, Mr. Petersen makes two arguments which the Court addresses below in turn.

Mr. Petersen's first argument is that there is no statute of limitations applicable to claims for prospective injunctive relief against an unconstitutional statute or policy. (ECF No. 222,

---

[7] In the TAC, Mr. Petersen alleges he is restricted from contact with not only his minor daughter but also his nieces and nephews, but his First Claim seeks relief only as to his alleged right of familial association with his daughter. (TAC ¶¶ 65, 94.b.) Defendants' Motion to Dismiss based on the statute of limitations addressed Mr. Petersen's restrictions from contact with all minor family members, including his minor daughter, while Mr. Petersen's response raised only restrictions imposed on contact with his daughter. (ECF No. 204, pages 4-5 (Motion to Dismiss); No. 214, pages 4-8 (Response); No. 215, pages 3-5 (Reply).) The Recommendation addressed Mr. Petersen's claim with respect to his daughter and the Objection only raises Mr. Petersen's lack of contact with his daughter. On this record, the Court finds Mr. Petersen's First Claim is based only on restrictions on contact with his daughter. To the extent it is not, the Court finds the Recommendation's analysis applies equally to contact with any other minor family members.

page 2.) That argument, however, has been waived as it was never presented before the Magistrate Judge. *Garfinkle*, 261 F.3d at1031.

Mr. Petersen's second argument relies on the continuing violation doctrine. He asserts that when the violation alleged involves a "continuing injury," the cause of action accrues, and the limitation begins to run, when the unlawful conduct ceases rather than when the unlawful conduct commences. (ECF No. 222, page 6.) According to Mr. Petersen, he has alleged an ongoing policy of denial of his Fourteenth Amendment right to familial association and the majority of the acts in furtherance of the application of that policy occurred in the last two years; therefore, his claim has either not yet accrued or accrues anew each day he is being deprived of his alleged constitutional right to parent his daughter.[8] In addition, or in the alternative, Mr. Petersen argues his claim did not accrue until August 2014, relying on unpled allegations concerning an "August 2014 safety plan." Mr. Petersen cites to a number of decisions from other Circuits but it is the decisions of the Tenth Circuit which control.

The Court's review of Tenth Circuit precedent shows that, assuming the continuing violation doctrine applies,[9] "the doctrine is triggered by continuing unlawful acts, not by the continual ill effects from the original violation." *Mata v. Anderson*, 635 F.3d 1250, 1253 (10th Cir. 2011) (citation and quotation marks omitted); *see also Vreeland v. Fisher*, 682 F. App'x 642, 646 (10th Cir. 2017) (same). As the Magistrate Judge correctly found, Mr. Petersen may not rely on matters outside of his TAC – here, the "August 2014 safety plan" – to show he

---

[8] Mr. Petersen's argument here is not a model of clarity.
[9] The Court recognizes there is an unpublished decision which states that "the doctrine of continuing violations does not apply to § 1983 claims," *Mercer-Smith v. New Mexico Children, Youth & Families Dept.*, 416 F. App'x 704, 712 (10th Cir. 2011), but *Mata v. Anderson,* 635 F.3d 1250, 1253 (10th Cir. 2011), a published decision, and subsequent unpublished decisions have assumed, without deciding, the doctrine may apply. *E.g., Vreeland v. Fisher*, 682 F. App'x 642, 646 (10th Cir. 2017). This Court also does so here.

9

satisfies Fed. R. Civ. P. 8(a)(2).[10] Thus, the Court is left with the pled allegations to consider. And, as pled, they fail to adequately allege any discrete wrongful act denying Mr. Petersen his claimed right to familial association with his daughter which occurred during the two years before his claim was filed. *See Canfield v. Douglas Cty.*, 619 F. App'x 774, 778-9 (10th Cir. 2015) (plaintiff's claim barred where she failed to allege any discrete acts that occurred during the two years before she filed action; the last affirmative act alleged was more than two years prior to suit and her allegation that defendant "continues to this day to deny Plaintiff her parental rights" failed to adequately alleged *additional* wrongful acts); *Parkhurst v. Lampert*, 264 F. App'x 748, 749 (10th Cir. 2008) (cited with approval in *Mata, supra*) (action under § 1983 based on alleged prison overcrowding; assuming continuing violation doctrine applied, claim nonetheless barred where plaintiff alleged the same ill effect from the day the alleged overcrowding first existed). Accordingly, Mr. Petersen's claim is time barred.

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

(1) That Plaintiff Eric Petersen's Objections to the Magistrate's Recommendation to Grant Defendant's Motion to Dismiss (ECF No. 222) is **OVERRULED**;

(2) That the Recommendation of United States Magistrate Judge (ECF No. 219) is **ACCEPTED in part and REJECTED in part as stated herein**;

---

[10] Mr. Petersen's Objection simply relies on such safety plan but offers no argument, analysis, or legal authority which specifically objects to the Magistrate Judge's rejection of such unpled allegations. As such, objection, if any, by Mr. Peterson to the Magistrate Judge's findings and conclusions as to the unpled safety plan is waived. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

(3) That Defendants' Motion to Dismiss (ECF No. 204) is **GRANTED in part** and **DENIED in part** as follows:

   (a) **GRANTED** as to Plaintiff Eric Petersen. Mr. Petersen's First Claim is **DISMISSED with prejudice**;

   (b) **GRANTED** as to Plaintiff Jonathan Shields as to his First Claim. Mr. Shield's First Claim is **DISMISSED without prejudice**;

   (c) **DENIED** as to Plaintiffs Wesley and Jessica Specht on their First Claim as to interference with their rights to familial association with each other;

   (d) **GRANTED** as to the Spechts on their First Claim concerning visitation with any minor children, including the Spechts' niece and nephew and the Zanghi children, and such allegations are **DISMISSED with prejudice**; and

   (e) **DENIED** as to Plaintiffs Jonathan Shields and Steven Christiansen on their Second Claim;

(4) That there being no other claims by Plaintiff **Eric Petersen**, the Clerk is directed to **TERMINATE** him from this case; and

(5) That on or before **Friday, December 8, 2017**, the parties shall advise whether Defendants Joe Morales and John O'Dell are still parties to this action.

DATED this 28th day of November, 2017.

                                        BY THE COURT:

                                        RAYMOND P. MOORE
                                        United States District Judge