IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-2231-RM-MEH

Jonathan SHIELDS, et al, ,
**PLAINTIFFS**
v.

Jennifer DUNCAN, et al
**DEFENDANTS**

---

## FINAL PRETRIAL ORDER

---

## 1.    DATE AND APPEARANCES

The Final Pretrial Conference was held on **October 10, 2015** at **10:00 a.m.**

before the Honorable Michael E Hegarty, Magistrate Judge.  Appearing for the parties

were:

Counsel for Plaintiff:

Alison L. Ruttenberg
P.O. Box 19857
Boulder, CO 80308
Telephone: 720-317-3834
Ruttenberg@me.com

Counsel for Defendants:

Chris W. Alber
Senior Assistant Attorney General
Civil Litigation and Employment Law
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, Colorado  80203
Telephone:  720-508-6612
FAX:  720-508-6032
chris.alber@coag.gov

1

## 2.    JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 in this 42 USC 1983 civil rights case.

## 3.    CLAIMS AND DEFENSES

a.    Plaintiff:

*Plaintiff's Claims:*

The remaining two Defendants were the parole officers of the two remaining Plaintiffs. The Plaintiffs sued for violation of their Eighth Amendment rights after their parole officers, after being placed on notice of the problems, ordered them to live in vermin infested and filthy motel rooms. Additionally, the windows, shower an sink were broken in Mr. Shields' room. Mr. Shields' room was infested with bedbugs, and Mr. Christensen's room was infested with rodents.

b.    Defendants:

The Defendants deny all of Plaintiffs' allegations in their entirety and deny that they violated Plaintiffs' Eighth Amendment rights in any way. Defendants were not the individuals to secure housing for the Plaintiffs, did not force the Plaintiffs' to remain at the motels, and were not aware of the alleged conditions at the motels and were also not aware of any complaints made by the Plaintiffs' about the motels.

## 4.    STIPULATIONS.

1.    The Plaintiffs were paroled DOC inmates at all times relevant to this complaint.

2.      Defendant Duncan was Jonathan Shield's Community Parole Officer at all times relevant to this complaint.

3.      Defendant Dawes was Steven Christensen's Shield's Community Parole Officer at all times relevant to this complaint..

## 5.      PENDING MOTIONS

None.

## 6.      WITNESSES

a.  NONEXPERT WITNESSES TO BE CALLED BY EACH PARTY

Plaintiffs:      1.      Jonathan Shields will testify as to the condition of his motel room, the extent of the bedbug infestation, the injuries he received from the bedbugs and his conversations with Defendant Duncan and other parole officers regarding the condition and infestation of his motel room.

2.      Steven Christensen will testify as to the condition of his motel room, the extent of the rodent infestation and his conversations with Defendant Dawes and other parole officers regarding the condition and infestation of his motel room.  He will authenticate the picture of the dead rodent on his bed at the motel.

3.      Cynthia Harvey will testify as to the condition of Mr. Shield's motel room, the extent of the bedbug infestation, the injuries he received from the bedbugs and conversations with Defendant Duncan and other parole officers regarding the condition and infestation of his motel room.  She took the pictures of his motel room and bedbug bites.

4.      Any witness endorsed by the Defense.

5.      Any witness needed for rebuttal.

6.      Any witnesses needed to establish

7.      Any records custodian of any record disclosed by either party

pursuant to Rule 26(a)(1)(A).

<u>Defendants</u>:

1.      Jennifer Duncan, who may be reached through counsel of record.  Ms.

Duncan is expected to testify about the factual circumstances which form the basis

of Plaintiffs' complaints remaining in this matter.  Ms. Duncan is also expected to

testify regarding procedures and processes utilized by the Division of Adult Parole

when offenders are released from custody on parole and the roles of the parole

officers in that process.  Ms. Duncan is expected to testify in person.

2.      Theresa Dawes, who may be reached through counsel of record.  Ms.

Dawes is expected to testify about the factual circumstances which form the basis of

Plaintiffs' complaints remaining in this matter.  Ms. Dawes is also expected to testify

regarding procedures and processes utilized by the Division of Adult Parole when

offenders are released from custody on parole and the roles of the parole officers in

that process.  Ms. Dawes is expected to testify in person.

3.      Any witness endorsed by the Plaintiffs.

4.      Any witness needed for rebuttal.

5.      Any records custodian of any record disclosed by either party pursuant

to Rule 26(a)(1)(A).

*Witnesses where testimony is expected to be presented by means of deposition*

4

<u>Plaintiffs</u>:

     1.    None.

<u>Defendants</u>:

     1.    None.

<u>EXPERT WITNESSES TO BE CALLED BY EACH PARTY</u>

<u>Plaintiffs</u>:    None

<u>Defendants</u>:  None.

*Expert witnesses where testimony is expected to be presented by deposition*

<u>Plaintiff</u>:

     1.    None.

<u>Defendant</u>:

     1.    None.

**7.  EXHIBITS**

<u>Plaintiff</u>:

     1.    Picture of dead mouse in Steven Christensen's motel room

     2.    70 pictures of Jonathan Shields' motel room showing damage and filth and pictures of bedbug bites on Jonathan Shields.

<u>Defendants</u>:

     1.    Parole Directives and Sex Offender Parole Directives for Steven Christensen.

5

      2.      Parole Directives and Sex Offender Parole Directives for Jonathan Shields.

## 8.  DISCOVERY

Discovery has been completed.

## 9.  SPECIAL ISSUES

None.

## 10. SETTLEMENT

a.      Counsel for the parties and any pro se party discussed settlement and settlement negotiations are ongoing.

b.      Counsel are hopeful that this case will settle.

c.      Counsel for the parties and any pro se party considered ADR in accordance with D.C.COLO.LCivR.16.6.

## 11. OFFER OF JUDGMENT

Counsel acknowledge familiarity with the provision of Rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure.  Counsel have discussed it with the clients against whom claims are made in this case.

## 12. EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice.  The pleadings will be deemed merged herein.  This Final Pretrial Order supersedes the Scheduling Order.  In the event of ambiguity in any provision of this Final Pretrial Order,

reference may be made to the recording of the pretrial conference to the extent reported by stenographic notes and to the pleadings.  The Final Pretrial Order may be amended, modified, or supplemented by the anticipated Trial Preparation Conference Order or any order entered during the trial preparation conference, which subsequent orders are anticipated and incorporated by such reference.

### 13. TRIAL AND ESTIMATED TRIAL TIME;

### FURTHER TRIAL PREPARATION PROCEEDINGS

1.      Trial has not yet been set.

2.      Trial is estimated to take two days before a jury.

3.       There are no other orders pertinent to the trial of this case.

DATED: October 10, 2018

BY THE COURT:


_____
United States Magistrate Judge

APPROVED:

    <u>Counsel for Plaintiffs</u>:

    /s/ Alison Ruttenberg

    Alison L. Ruttenberg
    P.O. Box 19857
    Boulder, CO 80308
    Telephone: 720-317-3834
    Ruttenberg@me.com

    *Attorney for Plaintiffs*

    <u>Counsel for Defendants</u>:
    /s/ Christopher W. Alber

    Christopher W. Alber
    Assistant Attorney General
    Civil Litigation and Employment Law
    Ralph L. Carr Colorado Judicial Center
    1300 Broadway, 10th Floor
    Denver, Colorado  80203
    Telephone:  720-508-6612
    FAX:  720-508-6032
    chris.alber@coag.gov

    *Attorney for the Defendants*